CRAIN, Judge.
This is an appeal from a decision of the trial court which granted a peremptory ex-' ception of no right of action.
By letter dated January 19, 1984, the Louisiana Commission on Ethics for Public Employees (Commission), notified Steve Bonfanti, a member of the East Baton Rouge Parish Alcoholic Beverage Control Board (ABC Board), of its intent to hold a public hearing to explore charges that he had violated certain sections of the Code of Governmental Ethics. By letter dated January 24, 1984, Mr. Chris Faser, another member of the ABC Board, was notified of the Commission’s intent to conduct a preliminary hearing the same day on similar charges against him. Specifically, the charges relate to possible conflicts of interest that stem from Mr. Bonfanti’s and Mr. Faser’s membership on the ABC Board contemporaneous with their employment by establishments regulated by the ABC Board.
The ABC Board is appointed by the City/Parish Council of the City of Baton Rouge, Parish of East Baton Rouge. During the course of the investigation the Commission became aware that Mr. Bon-fanti and Mr. Faser were being provided legal counsel by Mr. Lynn Williams, attorney for the City-Parish, allegedly at the expense of the City-Parish.
By letter dated January 24, 1984, the Commission informed Mr. Williams that it was of the opinion that the City-Parish Attorney’s representation of Mr. Bonfanti and Mr. Faser. was prohibited. The letter also stated it was the Commission’s intent to institute judicial proceedings to clarify the issue unless Mr. Williams ceased representation. Mr. Williams did not cease representing Mr. Bonfanti and Mr. Faser.
On March 1, 1984, the Commission filed a petition for declaratory judgment and in-junctive relief in the 19th Judicial District Court. The City of Baton Rouge, Parish of East Baton Rouge, Steven Bonfanti and Chris Faser were all named as defendants. The Commission sought to have the court declare that the provisions of La. Const., art. VII, § 14(A)[1] prohibit the City of Baton Rouge or the Parish of East Baton Rouge (City-Parish) from providing legal representation, through the Office of the *1010 Parish Attorney, to members of the ABC Board. The petition also sought to enjoin any further representation by Mr. Williams with respect to the proceedings pending before the Commission.
On March 9, 1984, the defendants filed a peremptory exception of no right of action alleging Commission had no right of action or standing to object to the City-Parish Attorney’s representation of Mr. Bonfanti and Mr. Faser.
In a judgment signed March 19, 1984, the trial judge maintained the defendant’s peremptory exception of no right of action and dismissed the Commission’s petition. In his oral reasons for judgment, the trial court noted that while the Commission did have standing to determine the conduct of Mr. Bonfanti and Mr. Faser, it did not have standing to file a lawsuit to determine whether or not the City-Parish can provide legal representation. It is from this judgment of the trial court that the Commission appeals.
On appeal, the Commission alleges only one assignment of error. Specifically, the Commission alleges the trial court erred in concluding that it lacked standing to file the petition for declaratory judgment and injunctive relief.
The cases cited by the trial court in support of its decision address the requirements necessary in order for a private association to have standing to institute an action against a governmental entity. The trial judge in his oral reasons for judgment cited Ramsey River Road Property Owners v. Reeves, 396 So.2d 873 (La.1981) as the appropriate standard to determine standing. That case dealt with the criteria for an association to sue on behalf of its members. One of these criteria is “(2) the interests the association seeks to protect are pertinent to its purpose.... ” 396 So.2d at 874. The trial court, after noting that the Commission’s purposes are to protect against conflicts of interest and to establish appropriate ethical standards for public employees, concluded that this suit was not pertinent to the Commission’s purpose. We reach the same conclusion, but prefer to do so on different and more narrow grounds.
By Act 110 of the regular session of the 1964 legislature, the State of Louisiana enacted a code of ethics to be administered by the Louisiana Commission on Governmental Ethics. This was incorporated into the Louisiana Revised Statutes as La.R.S. 42:1101-1123 and redesignated as La.R.S. 42:1101-1148. The Louisiana Constitution of 1974 provided in Art. X, § 21 that, “The legislature shall enact a code of ethics for all officials and employees of the state and its political subdivisions. The code shall be administered by one or more boards created by the legislature_” (emphasis supplied) Pursuant to this mandate, the legislature, by Act 443 of 1979, which is incorporated into the Louisiana Revised Statutes as La.R.S. 42:1101-1169, established a Code of Governmental Ethics to be administered by a Commission on Ethics for Public Employees, and by a Board of Ethics for Elected Officials. La.R.S. 42:1131, 1132. The jurisdiction of the Commission on Ethics for Public Employees (Commission) is established by La.R.S. 42:1131(C) which provides, “The Commission shall administer and enforce the provisions of this Chapter and the regulations, rules, and orders issued hereunder with respect to public employees.” (Emphasis added)
The commission admits that m bringing this suit for declaratory judgment it is not seeking enforcement of any provision of the code of ethics. In fact, it admits that the conduct which it seeks to have the court declare improper, the furnishing by the City-Parish of legal counsel for one of its appointees in an investigation by the commission, is not a violation of the code of ethics. It claims to have inherent authority, however, to have the court declare such representation improper as a violation of La. Const. art. VII, § 14(A).
La. Const. art. X, § 21 mandated the establishment of a commission to administer a code of ethics. La.R.S. 42:1131(C) provides for the commission to exercise jurisdiction to enforce “this Chapter”, *1011 which is the code of ethics. Nowhere in the Louisiana Constitution nor in the code of ethics have the people of this state or the legislature authorized the commission to sue for enforcement of provisions of law not contained in the code.
La.R.S. 42:1131(C) is a reenactment in part of former La.R.S. 42:1119. In construing the prior law we held as follows:
As we view the statute in question the sole function conferred upon the Ethics Commission is to administer the statute as written. To enable appellee to accomplish its aforesaid purpose the legislature has extended it certain specific powers and authority which may not be expanded or enlarged by appellee for the simple reason it lacks authority to add to its scope of operation. Nowhere in the statute do we find authorization for the creation of standards of conduct different from or in addition to those set forth by the legislature. In contending that Section 1117 D prohibits a contract between a board or commission member and the agency he serves where there is no conflict of interest but only an appearance of conflict, appellee is manifestly enlarging the scope of the particular paragraph and adding a standard of conduct not included by the legislature. This appel-lee lacks authority to do.
In Re Buquet, 184 So.2d 288, 301 (La.App. 1st Cir.1966), writ refused, 249 La. 198, 186 So.2d 159 (1966).
The commission cannot do indirectly what it cannot do directly. It lacks the statutory authority to prohibit the conduct involved here. What it has no authority to do itself it cannot proceed to do through the courts.[2]
For the foregoing reasons, the judgment of the trial court is affirmed at the commission’s costs.
AFFIRMED.

. La. Const., art. VII, § 14(A) provides as follows:
Donation, Loan, or Pledge of Public Credit Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.

. We specifically note that we do not even reach the question of whether La. Const, art. VII, § 14(A) prohibits the City-Parish from furnishing legal counsel for one of its appointees whose questioned activity results directly from the appointment.